IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ABBRA L. GREEN, AUSTIN D. MARTIN,<br><br>       Petitioners,<br><br>    v.<br><br>THE HONORABLE K. KANANI LAUBACH,<br><br>       Respondent. | Case No. 22-cv-00444-DKW-KJM<br><br>**ORDER (1) REMANDING ACTION TO STATE CIRCUIT COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

On October 11, 2022, Abbra L. Green and Austin D. Martin, who have described themselves as "Petitioners" in this action, removed this proceeding from the Third Circuit Court for the State of Hawaiʻi without paying the case filing fee. Dkt. No. 1. As a result, a Deficiency Order was sent to "Petitioners" instructing them to pay the filing fee or file an application to proceed in district court without prepaying fees or costs. Dkt. No. 3. On October 12, 2022, "Petitioners" filed the aforementioned application (Application). Dkt. No. 5.

When filing an application to proceed in district court without prepaying fees or costs, the Court subjects the action to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Here, the record reveals that this case must be remanded. The reason is present in the first "supplemental" document attached to the Notice of Removal. Notably, that document, titled a "Complaint," shows that "Petitioners" have attempted to remove a state *criminal* proceeding initiated by the State of Hawaiʻi against Green. Dkt. No. 1-6 at 1-2 (charging Green with disorderly conduct and committing prohibited activities in violation of Hawaiʻi law). The federal removal statute, however, at least as applicable here, does not permit the removal of state *criminal* actions. Instead, Section 1441 permits only the removal of state *civil* actions. 28 U.S.C. § 1441(a) ("any *civil* action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants….") (emphasis added). Further, while

2

Sections 1442 and 1442a permit removal of state criminal prosecutions, those provisions only permit officers of the United States or members of the U.S. armed forces to remove prosecutions that concern acts done under color of their office. 28 U.S.C. §§ 1442(a), 1442a. The Criminal Complaint against Green and the remaining "supplemental" documents attached to the Notice of Removal reflect that this action does not implicate those provisions. Therefore, the Court does not have jurisdiction over this proceeding and, accordingly, pursuant to 28 U.S.C. § 1447(c), REMANDS the same to the Third Circuit Court for the State of Hawai'i. The Application, Dkt. No. 5, is DENIED AS MOOT.

    The Clerk is instructed to mail a certified copy of this Order to the clerk of the Third Circuit Court and then CLOSE this case.

    IT IS SO ORDERED.

    Dated: October 14, 2022 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge